# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 02: 08-cr-0398 |
| | ) | |
| JAWAN BARNETT COACHMAN | ) | |
| a/k/a Darryl Clark | ) | |

## MEMORANDUM ORDER

Pending before the Court is the MOTION FOR REVOCATION OF ORDER OF DETENTION WITH CITATION OF AUTHORITY filed on behalf of Defendant, Jawan Barnett Coachman (Document No. 23), the RESPONSE IN OPPOSITION filed by the government (Document No. 24), and the REPLY filed on behalf of Defendant (Document No. 25). The Court has reviewed a transcript of the detention hearing on January 8, 2009, conducted before United States Magistrate Judge Amy Reynolds Hay. For the reasons that follow, the Motion is **DENIED.**

## Facts and Procedural History

On November 18, 2008, a federal grand jury returned a one-count Indictment against Defendant in which he was charged with possession of a firearm by a convicted felon, on or about January 8, 2008, in violation of 18 U.S.C. § 922(g)(1) (Document No. 1). Defendant made his initial appearance on January 7, 2009 (Document No. 7). An arraignment and detention hearing was held the following day on January 8, 2009, before United States Magistrate Judge Amy Reynolds Hay, at which time the government requested that the Defendant be detained without bond pending trial in accordance with the Bail Reform Act, 18 U.S.C. §§ 3141, *et. seq.*

The Defendant was present and represented by counsel at the detention hearing. At the hearing, counsel for both parties presented evidence and proffers of evidence including, but not limited to, information which pertained to the Defendant's history and the circumstances of his arrest on this charge. In particular, the government presented evidence that when the Defendant was arrested (i) he initially provided a false name to the arresting officer, (ii) there was an active State warrant from Allegheny County for the Defendant's arrest for failure to appear for a probation hearing wherein the Defendant was to answer to the court for failing to pay court ordered restitution; (iii) the Defendant possessed a loaded and chambered 9mm pistol in violation of his current State probation for which he was in violation; (iv) the Defendant was in possession of five knotted baggie corners of crack cocaine; (v) the Defendant had on his person $657.00 in U.S. currency and two cell phones which rang constantly during the traffic stop with twenty-four (24) missed calls.

At the conclusion of the hearing, the magistrate judge granted the government's motion and ordered that Defendant be detained pending further disposition of this matter. (Document No. 20).

Defendant has filed the instant motion in which he requests that the Court revoke the Order of Detention and order his release on bond "because the Magistrate Judge failed to make any findings that would support an order of detention under the Bail Reform Act. . . ." Mot. at 1. Defendant attempts to minimize the evidence presented by the government at the detention hearing by arguing as follows:

(i) although Defendant admits that he initially provided a false name to the arresting officer, "the Magistrate Judge failed to acknowledge that Mr. Coachman did, eventually give the officers his actual driver's license and gave them his real name;"

(ii) Defendant denied at the detention hearing that he had knowledge of the outstanding arrest warrant;

(iii) the fact that "a firearm was recovered in Mr. Coachmen's vehicle does not support detention," as it is not deemed a crime of violence, and Defendant "voluntarily told the police about the gun;"

(iv) "Defendant was not charged with 'dealing drugs' and had only 1.3 grams of crack cocaine on him, an amount completely consistent with personal use."

Defendant also argues that although the Pretrial Services Report noted apparent discrepancies, the "Magistrate Judge never asked that [these] discrepanc[ies] be explained or explored during the hearing." Mot. at 7.

In sum, Defendant contends that "[t]he evidence presented at the detention hearing did not show by clear and convincing evidence that there were no condition or combination of conditions that would reasonably assure the safety of any person or the community. To the contrary, the evidence established that Mr. Coachman could be released on conditions as recommended by the United States Pretrial Services Office." Mot. at 4.

**Standard of Review**

When a district court acts on a motion to revoke a pretrial detention order issued by a magistrate judge, the district court acts *de novo* and must make an independent determination of

3

the proper pretrial detention or conditions for release. *United States v. Kelker,* 757 F.2d 1390, 1394 (3d Cir. 1985).

In conducting a *de novo* review, the district court may rely on the evidence presented before the magistrate judge. Though not required to do so, the reviewing court may, in its discretion, choose to hold an evidentiary hearing if necessary or desirable to aid in the determination. However, a *de novo* review does not require a *de novo* evidentiary hearing. *See United States v. Chagra,* 850 F. Supp. 354, 357 (W. D. Pa. 1994) (noting that the court may incorporate the records of the proceedings and the exhibits before the magistrate judge).

The legal standards which govern review of a magistrate judge's decision regarding pretrial detention were summarized as follows:

> This court exercises de novo review over the detention order entered by the magistrate judge. *See United States v. Delker,* 757 F.2d 1390, 1393-95 (3d Cir. 1985). The magistrate judge's decision and reasoning is to be given careful consideration where a transcript of the detention hearing is available, id., even though the standard of review removes any obligation to accord deference to the magistrate judge's findings and decision. See *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). This court may make its independent determination based solely upon the evidence introduced at the prior hearing. *Delker,* 757 F.2d at 1395; *Koenig,* 912 F.2d at 1193 ("Clearly, the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist."); *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991) (district court may base its findings on transcript of the hearings before the magistrate judge). Of course, it may also consider any additional evidence or proffers submitted in conjunction with any supplemental proceedings.

*United States v. Farris,* No. 08-cr-145, 2008 WL 1994131 (W.D. Pa., May 1, 2008).

## Discussion

Pretrial detention of a criminal defendant will be ordered only if, after a hearing upon motion by the government, a "judicial officer finds that no condition or combination of

conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *United States v. Lemos,* 876 F. Supp. 58, 59 (D.N.J. 1995). The facts the court relies upon to support a finding that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community must be supported by clear and convincing evidence. The government bears the burden of showing by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(f) ("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence"); *see also United States v. Suppa,* 799 F.2d 115, 119 (3d Cir. 1986) (even in rebuttable presumption cases, the burden of persuasion always remains with the government).

Section 3142(c)(1)(B) of the Bail Reform Act sets forth a nonexclusive list of conditions that a court may impose upon granting a defendant's motion for pretrial release. If no sufficient condition or combination of conditions exists, however, the court may order that a defendant be detained without bail pending trial. 18 U.S.C. § 3142(e). Section 3142(e) of the Bail Reform Act provides, in pertinent part:

> If, after a hearing pursuant to the provisions of subsection (f), ... the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial. . . .

18 U.S.C. § 3142(e). Section 3142(e) provides that in certain cases enumerated in section 3142(f)(1), including cases involving a "crime of violence," a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community. As Defendant has correctly argued in his motion, however, this case is not a rebuttable presumption case. *See United States v. Bowers*, 432 F .3d 518, 519 (3d Cir. 2005) (holding that a violation of 18 U.S.C. § 922(g)(1) is not a crime of violence under the Bail Reform Act).

The determination of whether any conditions of release can reasonable assure the appearance of the defendant in court and the safety of others is based on the following four factors:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person;[1] and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Traitz*, 807 F.2d 322, 324 (3d Cir. 1986).

---

[1] The sub-factors relevant to the consideration of a defendant's characteristics and history include: (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law . . . . 18 U.S.C. § 3124(g)(3).

Applying the factors of section 3142(g) to the instant case, the Court concludes that no condition or combination of conditions would reasonably ensure the appearance of the defendant in court and/or the safety of the community if the defendant were to be released.

First, in the instant Indictment, the Defendant has been charged with the serious crime of illegal possession of a firearm by a convicted felon. If convicted, Defendant faces a term of imprisonment of not more than ten (10) years. However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to Title 18, United States Code, section 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment. This information is relevant to the first factor set forth in § 3142(g).

Second, there is no dispute that a loaded and chambered 9mm firearm was found in Defendant's vehicle. During the detention hearing, counsel for Defendant tried to minimize the fact that Defendant was in possession of this firearm by stating "I would note, with regard to the firearm, that his best friend had been murdered a very short time period before this incident occurred." Transcript at 23, Line 16-18. The fact that Defendant does not dispute that he was in possession of a loaded firearm is clearly relevant to the second factor set forth in § 3142(g).

Third, there is no dispute that the Defendant provided a false name to the arresting officer; that he was in possession of five knotted baggie corners of crack cocaine; that he had on his person $657.00 in U.S. currency; and two cell phones, which rang constantly during the traffic stop. The possession of drugs and a significant amount of currency at the time of arrest are pertinent to the analysis under the fourth factor in § 3142(g), the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. The

7

danger that Defendant may traffic in illicit drugs is pertinent to the safety of any other person and the community that would be endangered by Defendant's release.  When determining whether to detain a defendant, the Court must, in essence, make a prediction as to whether the defendant is likely to endanger any person or the community, and this includes a prediction about the likelihood of danger that a defendant may traffic in illicit drugs if released pending trial.  See *United States v. Perry*, 788 F.2d 100, 114-115 (3d Cir. 1986) ("the dangerousness determination involves a prediction of the detainee's likely future behavior.")

Based upon the foregoing, the Court finds that, applying the factors of section 3142(g) to the instant case, no condition or combination of conditions would reasonably ensure the safety of the community if Defendant were released because the Court finds that there is a serious risk that the Defendant will endanger the safety of another person or the community.

**Conclusion**

After a *de novo* review of the record, and for the reasons set forth herein, the Motion to Revoke Detention Order is denied.  This Memorandum Order constitutes the Court's detention order pursuant to 18 U.S.C. § 3142(i) setting forth written findings of fact and a written statement of reasons for the detention.  The Court finds that the government has shown by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community.

The Court directs with regard to Defendant's detention that Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a

corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

So **ORDERED** this 8th day of April, 2009.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Almon S. Burke , Jr.
Assistant United States Attorney
Email: almon.burke@usdoj.gov

Marketa Sims,
Assistant Federal Public Defender
Email: marketa_sims@fd.org